**In the Matter of BECKLEY COAL MINING COMPANY, Debtor.**

**Bankruptcy No. 87–496.**

United States Bankruptcy Court,
D. Delaware.

Dec. 23, 1987.

William W. Bowser, Wilmington, Del., for debtor.

George N. Davies, U.M.W.A., District 29, Beckley, W.Va., for United Mine Workers of America.

BENCH DECISION FOLLOWING DECEMBER 23, 1987 HEARING ON DEBTOR'S APPLICATION FOR INTERIM CHANGES IN COLLECTIVE BARGAINING AGREEMENT

HELEN S. BALICK, Bankruptcy Judge.

A Chapter 11 case was filed by Beckley Coal Mining Company on November 20, 1987. Beckley as a debtor-in-possession is asking for interim relief from certain terms of a collective bargaining agreement under § 1113(e) of title 11 of the United States Code. The United Mine Workers of America oppose the application.

Section 1113 of title 11 is the Congressional response to the Supreme Court's decision in *NLRB v. Bildisco* which stated the standards for the rejection of collective bargaining agreements under § 365 of the Code.

Section 1113(a) permits rejection of a collective bargaining agreement but only in accordance with the provisions .of subsection (b)(1). Subsection (A) of subsection (b)(1) requires that before the filing of any application to reject, the debtor-in-possession must make a proposal and provide the representative of the employees with relevant information to evaluate that proposal. Subsection (B) of that same subsection to which I've referred does not indicate a required time lapse before the debtor may file its application for rejection after having provided the employees' representative with a proposal and information to evaluate that proposal. But, it is clear that sometime following the initial meeting such an application may be filed because subsection (b)(2) requires negotiations to continue through the period following the initial meeting and a hearing on an application for rejection.

Absent successful negotiations, subsection (c) sets forth three standards the court must apply before it can approve rejection.

Subsection (d)(1) and (2) deal with time constraints relative to time of hearing and the court's ruling on an application. Subsection (3) authorizes the court to make protective orders during the negotiation pe-

riod. Consideration of subsection (d) is not applicable to the issue before the court.

Subsection 1113(e) is the reason for this hearing, that is, Beckley is asking for interim relief from the provisions of the collective bargaining agreement regarding payment of health and life insurance benefits to the employees. The last sentence of that particular subsection as well as subsection (f) make it clear that subsection (e) is not available to provide relief in a vacuum. What I mean by that is § 1113 must be read as a whole. Subsection (e) cannot be used as a vehicle to circumvent the requirements of subsection (b)(1). Subsection (f) which prohibits unilateral termination or alteration of any provision of a collective bargaining agreement reinforces that conclusion. The court on an application for interim relief must find compliance with the standards set forth in subsection (c). This has not occurred.

Beckley took unilateral action on November 23 by suspending processing of employee benefits as provided in the collective bargaining agreement. Thereafter, on December 9 Beckley management representatives met with local union representatives who understood as a result of that meeting that the benefits were still in effect. On December 16, there was a meeting of management and labor representatives from the local union at which time the suspension of benefits as of November 23 was revealed. The management representatives proposed to those present—local union members who are coal miners, and not the proper negotiating parties—that they agree to the suspension of these benefits by an immediate yes or no vote. The proposal was rejected. The present application was filed the same day.

There is no application for rejection on file; hence, there is no basis for "interim" relief. If the requested relief were granted absent an application for rejection, the provisions of subsections (b)(1) and (2) would be negated. For the foregoing reasons, the application for interim relief must be DENIED.